IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41048
Summary Calendar
_____

REGINALD ALONZO COOPER,

Plaintiff-Appellant,

versus

MELINDA BOZARTH, Director, Texas Board of
Pardons and Paroles, ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-919
- - - - - - - - - -
April 24, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reginald Alonzo Cooper, Texas inmate #591149, moves this court for leave to proceed on appeal in forma pauperis (IFP) from the dismissal of his civil rights complaint. He has complied with the certification requirements of the Prison Litigation Reform Act of 1995, and his motion for leave to proceed in forma pauperis is GRANTED.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Cooper is assessed an initial partial filing fee of $1.67. See 28 U.S.C. § 1915(b)(1). Cooper must also make monthly payments of 20% of the preceding month's income credited to his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of Cooper is ORDERED to forward funds from Cooper's account to the clerk of the U.S. District Court for the Eastern District of Texas in payment of the initial partial filing fee. Thereafter, funds must be forwarded each time the amount in Cooper's account exceeds $10, until the full filing fee of $105 is paid.

Cooper challenges the district court's dismissal as frivolous of his civil rights complaint which asked for damages. The district court dismissed the complaint without prejudicing Cooper's opportunity to proceed on the underlying claims through a petition for the writ of habeas corpus. For essentially the same reasons upon which the district court relied by adopting the magistrate judge's recommendation, see Cooper v. Bozarth, No. 1:95-cv-919 (E.D. Tex. Oct. 4, 1996), we conclude that the court did not abuse its discretion by dismissing the complaint pursuant to Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). See Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Cooper's motion for consolidation of this appeal and the habeas petition proceeding in the district court is DENIED.

IFP GRANTED. INITIAL PARTIAL FILING FEE ASSESSED. AFFIRMED. CONSOLIDATION MOTION DENIED.